IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

DAMIEN FORD                                                                                          PETITIONER
ADC #143035

v.                                            5:16CV00291-KGB-JJV

WENDY KELLEY, Director,
Arkansas Department of Correction                                                        RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

**DISPOSITION**

I. **BACKGROUND**

Petitioner, Damien Ford, was on probation for a drug offense when, on "September 10, 2012, the State filed a Petition to Revoke Probated Sentence based on allegation[s] that Defendant failed to pay court ordered obligations, failed to report to [his] probation officer, failed to pay supervision fees and that he had committed another criminal offense." (Doc. No. 22-1 at 2.) The Miller County Circuit Court held a hearing on the Petition to Revoke on April 15, 2013, and found Mr. Ford violated his conditions of probation and sentenced him to 120 months in the Arkansas Department of Correction. (*Id.* at 2-4.)

On September 19, 2016, Mr. Ford filed the instant Petition for Writ of Habeas Corpus (Doc. No. 2) citing, *inter alia*, the following grounds for relief: (1) Petitioner was not taken to a probation revocation hearing within sixty days of arrest - the state statute of limitations; (2) Petitioner's counsel was ineffective for not presenting a defense; (3) Petitioner's counsel was ineffective for not informing him of his appellate rights; (4) Petitioner's due process rights were violated because the circuit court failed to follow the sentencing procedures and guidelines; and (5) the Miller County Circuit Court was without subject matter jurisdiction to adjudicate Petitioner's probation revocation. (Doc. No. 2.)

Wendy Kelley responded with a Motion to Dismiss. (Doc. No. 21.) She argues the Petition is time-barred by the Antiterrorism and Effective Death Penalty Act (AEDPA). (Doc. No. 22.) For the following reasons, I agree.

## II.   ANALYSIS

Title 28 U.S.C. § 2241 (d)(1) and (2) impose a one-year period of limitation on petitions for writ of habeas corpus:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2241(d)(1)-(2).

Mr. Ford's sentence was entered on April 15, 2013.  He did not appeal, so "the judgement becomes 'final' on the date seeking review expires." *Gonzalez v. Thaler*, 132 S.Ct. 641, 646 (2012). In Arkansas, the period of review expires thirty days from the date the judgment is entered.  Ark. R. App. P. - Crim.2(a)(1).  Therefore, the last day for Mr. Ford to file a timely federal habeas petition was May 15, 2014.

3

Mr. Ford filed the instant Petition on September 19, 2016 - more than two years late. He makes no claim of actual innocence or equitable tolling, nor does he make any excuse for the untimely filing. Therefore, the statute is binding and Mr. Ford's Petition must be dismissed.

### III.   CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." In cases where the petitioner's claims are procedurally barred, a district court must consider the following factors when determining whether it should issue a certificate of appealability: "(1) if the claim is clearly procedurally defaulted, the certificate should not be issued; (2) even if the procedural default is not clear, if there is no merit to the substantive constitutional claims, the certificate should not be issued; but, (3) if the procedural default is not clear and the substantive constitutional claims are debatable among jurists of reason, the certificate should be granted." *Khaimov v. Crist*, 297 F.3d 783, 786 (8th Cir. 2002) (citing *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000)); *see also Langley v. Norris*, 465 F.3d 861, 863 (8th Cir. 2006).

In this case, the Petition is time-barred. Therefore, no certificate of appealability should be issued.

### IV.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Respondent's Motion to Dismiss be GRANTED (Doc. No. 21), the Petition for Writ of Habeas Corpus (Doc. No. 2) be DISMISSED and the requested relief be DENIED.

2. A certificate of appealability should not be issued.

DATED this 9th day of January, 2017.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE