IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**DAMIEN FORD**                                                                                    **PETITIONER**
**ADC #143035**

v.                         Case No. 5:16-cv-00291-KGB/JJV

**WENDY KELLEY, Director,**
**Arkansas Department of Correction**                                              **RESPONDENT**

## ORDER

Before the Court is a motion for certificate of appealability filed *pro se* by petitioner Damien Ford (Dkt. No. 46). Mr. Ford simultaneously filed a notice of appeal with his motion for certificate of appealability (Dkt. No. 45). To the extent this Court retains jurisdiction to consider his request, *see Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982), because the Court by prior Order determined that Mr. Ford did not make a substantial showing of the denial of a constitutional right and denied a certificate of appealability (Dkt. No. 40), Mr. Ford's motion for certificate of appealability is denied. 28 U.S.C. § 2253(c)(1)-(2). Mr. Ford may reassert his motion for certificate of appealability to the Eighth Circuit. *Id.*

Also pending is Mr. Ford's *pro se* motion to alter or amend judgment (Dkt. No. 42). Mr. Ford, pursuant to Federal Rule of Civil Procedure 59(e), requests that the Court alter or amend the judgment entered on June 30, 2017 (Dkt. No. 40). Mr. Ford claims that the Court erred by concluding that his untimely filed petition for habeas corpus relief did not warrant application of the doctrine of equitable tolling. Defendant Wendy Kelley has responded in opposition (Dkt. No. 44).

Rule 59(e) motions serve the limited function of correcting "'manifest errors of law or fact or to present newly discovered evidence.'" *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d

930, 933 (8th Cir. 2006) (quoting *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988)). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Id.* The rule permitting a court to alter or amend a judgment may not be used to relitigate old matters, and the rule may not be used to raise arguments or present evidence that could have been raised prior to the entry of judgment. *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008) (citing Fed. R. Civ. P. 59(e)).

Mr. Ford's motion raises many of the same arguments as his original petition. He argues again that he was unaware of his right to appeal the revocation of his probation and that he diligently pursued his appeal rights by writing letters to the Office of the Criminal Justice Coordinator. In response to Mr. Ford's petition, Director Kelley pointed the Court to a May 16, 2013, letter to Mr. Ford from the Office of the Criminal Justice Coordinator instructing Mr. Ford on the correct way to file a notice of appeal (Dkt. No. 22, Ex. C). Mr. Ford now contends that, while he received multiple letters from Sue Newberry at the Office of the Criminal Justice Coordinator, he never received the May 16, 2013, response letter (Dkt. No. 42, 12-13). Mr. Ford provides no evidence to support his assertion.

Mr. Ford has failed to satisfy the requirements of Federal Rule of Civil Procedure 59(e). He has not demonstrated manifest errors of law or fact nor has he presented newly discovered evidence to the Court. Therefore, Mr. Ford's motion to alter or amend judgment is denied (Dkt. No. 42).

It is therefore ordered that:

1. Mr. Ford's motion for certificate of appealability is denied (Dkt. No. 46); and

2. Mr. Ford's motion to alter or amend judgment is denied (Dkt. No. 42).

So ordered this 7th day of December, 2017.

_____
Kristine G. Baker
United States District Judge